T.C. Summary Opinion 2001-150


UNITED STATES TAX COURT


JAN AND CORINNE MEJNARTOWICZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 318-00S.                    Filed September 24, 2001.

Jan and Corinne Mejnartowicz, pro se.

John Aletta, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency and a penalty for negligence under section 6662(a) in petitioners' 1995 Federal income tax of $5,746 and $1,149, respectively.

The issues are whether petitioners are entitled to deductions on Schedule C, Profit or Loss From Business, for (1) casual labor ($1,200), (2) cost of goods sold ($8,000),[2] and (3) insurance ($2,298), and whether petitioners are liable for the negligence penalty under section 6662(a).  At the time the petition was filed, petitioners resided in Stratford, Connecticut.

The relevant facts may be summarized as follows.  During 1995 petitioner Jan Mejnartowicz (petitioner) operated a plumbing and heating business as a sole proprietorship.  On the Schedule C pertaining to the plumbing and heating business petitioner reported the following:

---

[2]   The cost of goods sold is subtracted from gross receipts to arrive at gross income.  Such costs are technically not deductions and are not subject to limitations under secs. 162 and 274.  Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987).  Nonetheless, any amount claimed as a cost of goods sold must be substantiated, and a taxpayer must maintain records sufficient for this purpose.  Xuncax v. Commissioner, T.C. Memo. 2001-226.

| Gross receipts | | $26,864 |
|---|---|---|
| Less cost of goods sold | | 13,569 |
| Gross income | | 13,295 |
| | | |
| Less expenses: | | |
| Car & truck | $531 | |
| Insurance | 2,298 | |
| Legal | 2,000 | |
| Utilities | 1,764 | |
| Casual labor | 1,200 | |
| Permits | 185 | 7,978 |
| | | |
| Net profit | | $5,317 |

Upon examination respondent disallowed the deductions for legal, utilities, and casual labor expenses and reduced the insurance expense by $1,687. Respondent also reduced the amount of cost of goods sold by $8,000. In addition, respondent made certain mathematical adjustments that flow from the changes in petitioners' adjusted gross income and are not in dispute. Petitioners concede the adjustments for legal and utilities expenses.

Petitioner kept no journal or other books and records. He did maintain a checking account, but the canceled checks were kept by his accountant who had moved to Florida and were unavailable. Petitioner did not issue any Forms 1099 or Forms W-2, Wage and Tax Statement, with regard to the deductions claimed for casual labor. While petitioner could have obtained records of his payments for insurance, he did not.

## Discussion

1. Deductions and Cost of Goods Sold

Deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  A taxpayer "shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown" on a tax return.  Sec. 1.6001-1(a), Income Tax Regs.; see also Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965).  Except as otherwise provided in section 274,[3] when the evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may "make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making."  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  There must, however, be some basis upon which such an approximation can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner has the burden of substantiating his deductions. Rule 142.  Petitioner has no records whatsoever.  His argument, as he expresses it, is:

> Normally * * * my expenses would be two-thirds of my gross [receipts].  Here, my expenses were only half of what my gross was, and that would be the same with any plumbing and heating business.

---

[3]    None of the disallowed deductions are subject to sec. 274.

With regard to the deductions for casual labor and insurance, we are not satisfied that the unavailability of the records maintained by his accountant explains his failure to substantiate these deductions. There are other reasonable means that petitioner could have used to substantiate these deductions. He could have called as witnesses the persons he employed, and he could have obtained information from the insurance company. We, therefore, sustain respondent's disallowance of these deductions.

The remaining issue deals with the $8,000 reduction to petitioner's cost of goods sold. On his Schedule C, petitioner reported gross receipts of $26,864 and cost of goods sold of $13,569. The ratio between the gross receipts and cost of goods sold is roughly 2:1. We note that in the Internal Revenue Service "Statistics of Income Bulletin", Summer 1998, Vol. 18, No. 1, at 25, total gross receipts and cost of goods sold for plumbing sole proprietorships for 1996 were $10.2 billion and $5.2 billion, respectively, almost the identical 2:1 ratio as shown by petitioner. We do not believe that there would be a significant difference between 1995 and 1996. Respondent's reduction of $8,000, therefore, would appear to be out of line, and, using our best judgment, we believe that the cost of goods sold would be $11,569. See Cohan v. Commissioner, supra.

2.  Negligence

Section 6662(a) imposes a penalty with respect "to any portion of an underpayment of tax required to be shown on a return" in an amount "equal to 20 percent of the portion of the underpayment to which this section applies."  Section 6662 applies, inter alia, to underpayments attributable to negligence or disregard of rules or regulations.  Sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Also, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991). The question then is whether petitioners' conduct meets the reasonably prudent person standard.  See id.

Petitioner made no attempt to keep records of his plumbing and heating business as required.  Moreover, he claimed deductions for legal expenses and utilities that were, by his own admission, clearly improper.  We sustain respondent's imposition of the section 6662(a) penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.